**Roberto JUAREZ, Plaintiff–Appellant,**

v.

**R. ROCAMORA; et al., Defendants–Appellees.**

No. 15-15642

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

FILED August 03, 2016

Roberto Juarez, Pro Se

Wilfred T. Fong, Esquire, AGCA—Office of the Attorney General, Oakland, CA, for Defendant–Appellee

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Roberto Juarez, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Juarez failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his injured wrist. *See id.* at 1057–60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

Contrary to Juarez's contention, the district court's decision did not rest on the grievance responder's misstatement that Juarez was capable of playing basketball.

We do not consider arguments and allegations raised for the first time on appeal.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.